109 So.2d 856

**Ex parte Asbury HOWARD, Sr.**

**6 Div. 706.**

Court of Appeals of Alabama.

March 4, 1959.

David H. Hood, Jr., Bessemer, and Arthur D. Shores, Birmingham, for petitioner.

PER CURIAM.

Howard has filed in this court a document entitled "Motion for Bail Pending Appeal." The averments thereof, among others, indicate that he was convicted of violating an ordinance of the City of Bessemer in a court unspecified.

Upon a preliminary presentation of this motion, Howard's counsel stated that he had been convicted in the Recorder's Court of that city, and after conviction had taken an appeal to the Circuit Court, which appeal was dismissed because the appeal bond presented had not been approved as required by statute.

The motion presented to us avers that he is currently working on a road gang in the City of Bessemer in obedience to the sentence aforementioned.

The motion further states that Howard brought a proceeding for a writ of habeas corpus in the Bessemer Division of the Circuit Court of Jefferson County before the Honorable Edward L. Ball seeking his discharge on the ground, among others, that the ordinance violated certain provisions of the State and Federal Constitutions.

It is further averred that the court denied the writ and remanded the prisoner to the custody of the Chief of Police by whom he is now held.

■ We cannot consider this as an appeal from a judgment in a habeas corpus proceeding, since no appeal processes of any sort have reached this court. Furthermore, the petition shows that the petitioner is a prisoner serving his sentence, and that the judgment below denied his application for bail. See § 369(c), T. 15, Code 1940, as amended.

■ This results in reducing our consideration of the instant application to one for bail. We have no jurisdiction to grant bail after conviction—certainly where no appeal from that conviction is pending.

We have pretermitted any consideration of the constitutionality of the ordinance or the alleged proceedings thereunder, since we do not have a sufficient and proper record before us to permit a review.

Petition denied.